UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| APRIL J. CASTLE | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-138 |
| | ) | |
| SULLIVAN COUNTY, TENNESSEE, | ) | |
| SULLIVAN COUNTY SHERIFF'S | ) | |
| OFFICE, SHERIFF J. WAYNE | ) | |
| ANDERSON, MAJOR LISA | ) | |
| CHRISTIAN and DEPUTY TY | ) | |
| STEADMAN | ) | |
| | ) | |
|     Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on defendants' motion for reconsideration of the Court's order denying defendants' Rule 12 motion to dismiss, [Doc. 25] and "Defendants' Renewed Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted", [Doc. 19]. For the reasons which follow, the motion for reconsideration will be DENIED and the renewed motion to dismiss, will be GRANTED, in part and DENIED in part..

**I.     Procedural Background**

On July 7, 2006, plaintiff filed a *pro se* complaint against defendants, Sullivan

County Sheriff's Office, Sheriff Wayne Anderson, Major Lisa Christian and Deputy Ty Steadman, [Doc. 1].[1]  On September 1, 2006, after being granted an extension of time to respond to the complaint, defendants responded with a Rule 12 motion to dismiss, [Doc. 10].  On October 4, 2006, plaintiff moved for an extension of time to file a response to the motion to dismiss, [Doc. 12], and her motion was granted by order of the Magistrate Judge on October 5, 2006, [Doc. 13].  On October 27, 2006, plaintiff filed a motion to amend her complaint [Doc. 14] and her motion was granted by order of the Magistrate Judge on November 16, 2006, [Doc. 15].  An amended complaint was attached to plaintiff's October 27 motion; however, the amended complaint was not docketed by the clerk as a separate docket entry until December 4, 2006, [See Doc. 18].

On December 14, 2006, defendants filed their "Renewed Rule 12 Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted," [Doc. 19] along with a supporting memorandum, [Doc. 20].  On January 3, 2007, the plaintiff moved for an extension of time to file a response to the renewed motion to dismiss, [Doc. 21], and her motion was granted by the Magistrate Judge on January 8, 2007,

---

[1] Plaintiff's *pro se* complaint did not clearly set out the precise nature of her cause(s) of action against these defendants.  Her complaint was filed on a standard form for the filing of civil rights complaints under 42 U.S.C. § 1983.  Attached to the form complaint was a three page document entitled "Complaint", which indicated that plaintiff seeks relief under "Title VII of the Civil Rights Act of 1964, Title I of the Americans With Disabilities Act of 1990, and the Equal Pay Act of 1963."

2

[Doc. 23]. Plaintiff was allowed through June 31, 2007, in which to file her response. Despite the extension of time, plaintiff has never responded to defendants' motion to dismiss.[2]

On March 28, 2007, this Court entered an order denying defendants' original motion to dismiss, *i.e.* document 10, [Doc. 24]. On March 29, 2007, the defendants filed a motion for reconsideration of the Court's March 28 order because "defendants believes [sic] that this Court may have mistakenly overlooked the defendants'" renewed motion to dismiss, *i.e.* document 19.

## II.  Analysis and Discussion

Because this Court's order of March 28, 2007, dealt only with defendants' original motion to dismiss, and because this Court has pending before it defendants' renewed motion to dismiss, this Court will spend little time considering the motion for reconsideration, which will be denied, and will turn its attention to the renewed motion to dismiss.

Plaintiff's amended complaint appears to do three things. First of all, it adds

---

[2] Failure of the plaintiff to respond to the motion could be deemed a waiver of any opposition to the relief sought in the motion. See LR 7.2 of the Local Rules of the United States District Court for the Eastern District of Tennessee. Because plaintiff is acting *pro se*, the Court declines to dismiss the complaint on the basis of the local rule. Plaintiff is admonished, however, that she should familiarize herself with the Court's local rules.

Sullivan County, Tennessee, as a party defendant.³ Secondly, the plaintiff sets out her allegations in the complaint in short, concise, numbered paragraphs rather than the narrative form previously submitted. And, third, the plaintiff clearly identifies the nature of her causes of action as (1) sexual harassment under Title VII of the Civil Rights Act of 1964; (2) discrimination based on sex under Title VII of the Civil Rights Act of 1964; (3) violation of the Equal Pay Act of 1963; and (4) violation of the Americans With Disabilities Act of 1990.

As it must when considering a Rule 12(b)(6) motion, the Court will accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the Court. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989); *Murphy v. Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039–40 (6th Cir. 1991). A Rule 12(b)(6) motion tests only whether the plaintiff has pleaded a cognizable claim. *Scheid v. Fannie Farmer Candy*

---

³ No issue has been raised by the defendant, Sullivan County, Tennessee, with respect to the question of whether or not Sullivan County has been properly served with process in this case. Since the issue has not been raised by the defendant, this Court will assume that the defendant, Sullivan County, Tennessee, is properly before the Court.

*Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

April J. Castle ("Castle") was employed by Sullivan County, Tennessee as a Special Operations Detective in the Sullivan County Sheriff's Office from February, 2004 until January, 2005. The defendant Ty Steadman ("Steadman") was a co-worker of Castle. Major Lisa Christian was plaintiff's direct supervisor as well as the direct supervisor of Steadman. The defendant, J. Wayne Anderson, is the elected sheriff of Sullivan County, Tennessee. Throughout Castle's employment with the Sullivan County Sheriff's Office, she was subjected to unwelcome and harassing conduct by the defendant Steadman, which included "carrying rumors," false allegations about the use of drugs and trafficking in narcotics, questioning Castle's credibility and integrity, unwanted and unwelcome phone calls and text messages and false reports of dishonesty. As a result of the conduct, Castle made a formal written complaint against Steadman and an investigation followed. As a result of the internal investigation, Steadman was demoted but placed on the same shift as Castle. In February, 2005, Castle asked to be assigned to a different job, apparently while she was on sick leave recovering from surgery. Plaintiff had been found to have a "disabling medical condition, that her doctors related to her employment." Her request to be transferred to a different job was denied.

Castle provided medical excuses to her employer and detailed her medical

condition in conversations with other supervisory employees of the Sheriff's Office. She alleges that she was wrongfully terminated based on the lack of any additional paid or compensatory leave, a determination she claims is incorrect. At the time of her termination of employment, she had approximately three weeks of remaining leave time for which she was paid after her termination. On or about November 1, 2005, Castle filed a complaint with the EEOC and on or about April 18, 2006, the EEOC issued a right to sue letter to the plaintiff. Castle's complaint claims that her complaints about Steadman's conduct were inadequately investigated by the employees of Sullivan County.

## 1.    **Individual Capacity and Liability**

All defendants, in their individual capacities, seek dismissal on the basis that there is no individual liability under any of the federal causes of action claimed by the plaintiff. As set forth above, plaintiff asserts causes of action under the Civil Rights Act of 1964, the Equal Pay Act and the American With Disabilities Act. All of these federal statutes prohibit acts on the part of "employers" and none of the individual defendants in this case meet that definition.

An employer is defined under Title VII as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 2000(e)(b) (1994). The Sixth Circuit has joined the majority of circuits

in concluding that Congress did not intend individuals to face liability under the definition of "employer," despite Congress' use of the term "agent." *Wathen v. General Electric Co.*, 115 F.3d 400, 406 (6th Cir. 1997). Thus, defendants Anderson, Christian and Steadman cannot be held personally liable under Title VII.

The American With Disabilities Act borrowed the definition of "employer" from Title VII and defines the term in the same manner. 42 U.S.C. § 12111(5)(A) (1994). Thus, defendants Anderson, Christian and Steadman cannot be held personally liable under the ADA. Similarly, the individual defendants cannot be held personally liable under the Equal Pay Act because they are not "employers." 29 U.S.C. § 203(d) (prohibiting employers from paying employees a wage less than the wage paid to employees of the opposite sex for equal work.)

All claims against these defendants in their individual capacities must, therefore, be DISMISSED.

**2.      Sullivan County Sheriff's Office**

The motion to dismiss correctly argues that the Sullivan County Sheriff's office is not a suable entity. *See, e.g., De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s[heriff's departments and police departments are not usually considered legal entities subject to suit");

*Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) ("the sheriff's department is not a suable entity"). Therefore, plaintiff's suit against the Sullivan County Sheriff's Department will be dismissed.

3.     **Claims Against Sullivan County**

To the extent Castle's complaint states a cause of action, therefore, it is against Sullivan County, Tennessee, her employer. As noted above, her complaint purports to state causes of action under Title VII, the Equal Pay Act and the Americans With Disabilities Act. The Court will deal with each of these in turn.

   a.     **Claims Under Title VII and the Equal Pay Act.**

The Equal Pay Act prohibits wage discrimination "between employees on the basis of sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Timmer v. Michigan Department of Commerce*, 104 F.3d 833, 843 (6th Cir. 1997) (quoting 29 U.S.C. § 206(d)(1)). Title VII, on the other hand, states, in pertinent part: "it shall be unlawful for an employer . . . to discriminate against any individual with respect to his compensation . . . because of such individual's . . . sex." 42 U.S.C. § 2000(e)–2(a)(1). So far as this Court can discern, Castle's complaints of discrimination based on sex under Title VII of the Civil Rights Act of 1964 arise from her allegation that she "was not paid on an equal pay scale as were other male

employees before and after her tenure in the same capacity in the Special Operations Division." The Sixth Circuit has held that when an equal pay claim and a Title VII claim arise out of the same set of underlying facts, both stating a charge of wage discrimination, "the standards of liability under the two statutes are sufficiently similar" that the disposition with respect to the two claims should be the same. *Korte v. Diemer*, 909 F.2d 954, 957 (6th Cir. 1990). Thus, "'[t]he analysis of a claim of unequal pay for equal work is essentially the same under both the Equal Pay Act and Title VII," and "[a] finding of 'sex discrimination in compensation' under [Title VII] is tantamount to a finding of 'pay discrimination on the basis of sex' under the [Equal Pay Act]." *Id.* at 957–59 (citation omitted).

The elements of a *prima facie* case of sex discrimination under Title VII are: (1) that plaintiff is a member of a protected class, (2) that she was subject to an adverse employment decision, (3) that she was qualified for the position, and (4) that she was treated differently than similarly situated male employees for the same or similar conduct. *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 762 (6th Cir. 2006). In order to establish a *prima facie* case under the Equal Pay Act, the plaintiff must show that an employer paid different wages to employees of opposite sexes for equal work on jobs the performance of which requires skill, effort, and responsibility, and which are performed under similar working conditions. *EEOC v. Romeo Community Schools*,

976 F.2d 985, 987 (6th Cir. 1992).

It thus appears that both plaintiff's claim of sex discrimination under Title VII and her Equal Pay Act arise from her allegation that her partner, holding the same rank and position as she, was paid more for his work than plaintiff was. In addition, plaintiff alleges that other male employees who held the same rank were paid a rate of pay one level above the rate of pay she was paid. These allegations, accepted as true for the purposes of deciding the instant motion, are sufficient in a *pro se* complaint to state the essential elements of the cause of action. Likewise, plaintiff's allegation that she was treated differently with respect to a possible return to work after an illness than were two other male deputies in the past also arguably states a claim under Title VII.

For these reasons, plaintiff's claims against Sullivan County for discrimination based on sex under Title VII and her claim for violation of the Equal Pay Act will survive the motion to dismiss and the motion to dismiss will be DENIED as to these claims.

### b. Sexual Harassment.

The essential elements of a hostile work environment sexual harassment claim based on co-worker harassment are: (1) the sexual harassment was unwelcome, (2) the harassment was based on sex, (3) the harassing behavior was sufficiently severe or pervasive to affect the terms, conditions, or privileges of employment, or any matter

directly or indirectly related to employment, and (4) the employer knew or should have known of the harassment and failed to take immediate and appropriate corrective action. *Hawkins v. Anheuser–Busch, Inc.*, 517 F.3d 321 (6th Cir. 2008). As argued by the defendant, the harassment clearly must be related to plaintiff's sex.

The defendant argues that, while the plaintiff makes factual allegations which, accepted as true, establish that defendant Ty Steadman engaged in unwelcome, harassing, and discriminating conduct toward her, caused her trouble while on the job, told her internal affairs was watching her, made phone calls and sent text messages to her, made false allegations about her, and that the other defendants failed to adequately investigate her allegations and take appropriate action, she does not set forth a legally sufficient cause of action for sexual harassment. Although plaintiff's *pro se* complaint is held to a less stringent standard than one prepared by an attorney, *see Haynes v. Kerner*, 404 U.S. 519 (1972), the courts have not been willing to abrogate basic pleading essentials in *pro se* cases. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid,* 859 F.2d at 436.

Plaintiff's *pro se* complaint clearly pleads facts necessary to establish all elements of a *prima facie* case of sex based hostile work environment except for the requirement that the harassment be based on sex. Nowhere in her pleading does the

plaintiff specifically plead that Steadman's conduct was sexual in nature. She does, however, phrase her claim as one of "sexual harassment." Although certainly not a model of clarity, this *pro se* complaint, held to the less stringent standard which applies, does more than make bare assertions of legal conclusions. Given plaintiff's characterization of her claim as one for sexual harassment, a reasonable inference to be drawn from the facts alleged is that the unwelcome and harassing conduct of her co-worker was based on sex. Once again, plaintiff's claim for sexual harassment against Sullivan County, Tennessee will not be dismissed on a motion to dismiss and defendants' claims are more appropriately addressed on a motion for summary judgment.

    c.    **Americans With Disabilities Act.**

In order to establish a prima facie case of disability discrimination under the ADA, an employee must establish that: (1) he is an individual with a disability; (2) he is otherwise qualified to perform the job requirements with or without reasonable accommodation; and (3) he was not hired (or was discriminated against) solely by reason of his handicap. *Hedrick v. Western Reserve Care System*, 355 F.3d 444 (6th Cir. 2004). The ADA prohibits discrimination against a qualified individual with a disability because of the disability of such individual in regard to advancement, discharge, employee compensation and other terms, conditions, and privileges of

employment, *Brenneman v. MedCentral Health System*, 366 F.3d 412, 417 (6th Cir. 2004).

The only argument made by the defendant here is that plaintiff's complaint contains conculsory allegations which do not suffice to set forth a legally cognizable cause of action under the ADA. Once again, given the standard to which *pro se* complaints are held, this Court disagrees. While the plaintiff does not plead facts concerning the nature of her disability, she does allege that she was off on sick leave, that her doctors found that she had a disabling medical condition and that she was discriminated against because of her disability. As with her other claims against Sullivan County, Tennessee, defendants' position would be more appropriately raised in a motion for summary judgment after appropriate discovery.

**III. Conclusion**.

In sum, defendants' motion for reconsideration [Doc. 25] is DENIED. Defendants' renewed Rule 12 motion to dismiss [Doc. 19] is GRANTED in part and DENIED in part and the defendants' complaint against Sullivan County Sheriff's Office, Sheriff J. Wayne Anderson, Major Lisa Christian and Deputy Ty Steadman is DISMISSED.

In addition, plaintiff has filed a motion to refer this case to mediation [Doc. 26], and her motion is opposed by the defendants [Doc. 27]. The motion is DENIED as

premature and the Clerk is DIRECTED to schedule a Rule 26 scheduling conference once the answer of the defendant, Sullivan County, Tennessee is filed.

So Ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE